Dear Mr. Feagle:
On behalf of the Board of Trustees of the Lake Shore Hospital Authority of Columbia County, you ask substantially the following questions:
1) Does section 395.3035, Florida Statutes, permit the Lake Shore Hospital Authority of Columbia County, Florida, to exempt its strategic plan from the provisions of section 119.07(1), Florida Statutes, and Article I, section 24(a), Florida Constitution, and exempt a meeting to discuss, report, modify, or approve its strategic plan from section286.011, Florida Statutes, and Article I, section 24(b), Florida Constitution?
2) Is the hospital authority limited as to whom it may allow to attend the closed meeting?
3) Except as provided in sections 395.3035(7) and (8), Florida Statutes, is the hospital authority required to give any other special notice of the closed meeting?
Question One
Section 395.3035(1), Florida Statutes, provides that all meetings of a governing board of a public hospital[1] and all public hospital records shall be open and available to the public in accordance with section 286.011, Florida Statutes, Article I, section 24(b), Florida Constitution, Chapter 119, Florida Statutes, and Article I, section24(a), Florida Constitution, respectively, unless made confidential or exempt by law.[2] Section 395.3035(2), Florida Statutes, however, provides that certain records and information of any hospital that is subject to the Public Records Law or the constitutional provision relating to governmental records[3] are confidential and exempt from the provisions of section 119.07(1), Florida Statutes, and section 24(a), Article I of the State Constitution, including:
"(b) A strategic plan the disclosure of which would be reasonably likely to be used by a competitor to frustrate, circumvent, or exploit the purpose of the plan before it is implemented and which is not otherwise known or cannot otherwise be legally obtained by the competitor. However, documents that are submitted to the hospital's governing board as part of the board's approval of the hospital's budget, and the budget itself, are not confidential and exempt."
Pursuant to section 395.3035(4)(a), Florida Statutes, "those portions of a board meeting at which one or more written strategic plans that are confidential pursuant to subsection (2) are discussed, reported on, modified, or approved by the governing board are exempt from s. 286.011
and s. 24(b), Art. I of the State Constitution." For purposes of the section, "strategic plan" is defined to mean any record which describes actions or activities to:
 "(a) Initiate or acquire a new health service;
 (b) Materially expand an existing health service;
 (c) Acquire additional facilities by purchase or by lease;
 (d) Materially expand existing facilities;
 (e) Change all or a material part of the use of an existing facility or a newly acquired facility;
 (f) Acquire another health care facility or health care provider;
 (g) Merge or consolidate with another health care facility when the surviving entity is an entity that is subject to s. 24, Art. I of the State Constitution;
 (h) Enter into a shared service arrangement with another health care provider; or
 (i) Any combination of paragraphs (a)-(h).
The term `strategic plan' does not include records that describe the existing operations of a hospital or other health care facility which implement or execute the provisions of a strategic plan, unless disclosure of any such document would divulge any part of a strategic plan which has not been fully implemented or is a record that is otherwise exempt from the public records laws. Such existing operations include, without limitation, the hiring of employees, the purchase of equipment, the placement of advertisements, and the entering into contracts with physicians to perform medical services. Records that describe operations are not exempt, except as specifically provided in this section."[4]
The Lake Shore Hospital Authority of Columbia County was created by special act of the Legislature "to acquire, construct, improve, enlarge, repair, equip, operate, and maintain hospitals and hospital facilities in Columbia County."[5] As such, the Authority is the governing body of the Lake Shore Hospital. Thus, the strategic plan of a hospital owned and operated by the Authority would appear to be exempt from disclosure, provided that such strategic plan meets the definition contained in sections 395.3035(2)(b) and (6), Florida Statutes. Similarly, to the extent that the hospital authority, as the hospital's governing body, is discussing, reporting, modifying, or approving its strategic plan, such meetings of the hospital authority may be closed, provided that the requirements of section 395.3035, Florida Statutes, have been met, and provided that a binding agreement to implement a strategic plan may not be approved at any closed meeting of the board.[6]
You have advised this office that the Lake Shore Hospital has been leased to Shands at Lake Shore, Inc. (Shands). Section 155.40(1), Florida Statutes, permits the Authority to lease the hospital to "a for-profit or not-for-profit Florida corporation for the purpose of operating and managing such hospital[.]" Subsections (6) and (7) of the statute further provide:
 "(6) Unless otherwise expressly stated in the lease documents, the transaction involving the sale or lease of a hospital shall not be construed as:
 (a) A transfer of a governmental function from the county, district, or municipality to the private purchaser or lessee;
 (b) Constituting a financial interest of the public lessor in the private lessee; or
 (c) Making a private lessee an integral part of the public lessor's decisionmaking process.
(7) The lessee of a hospital, under this section or any special act of the Legislature, operating under a lease shall not be construed to be `acting on behalf of' the lessor as that term is used in statute, unless the lease document expressly provides to the contrary."
The purpose of the above provisions, added in 1999,[7] was to "modify the law relating to the sale or lease of a public hospital to a private entity such that the transaction does not subject the entity, unless otherwise expressly stated in the lease documents, to
the Public Records Law or the Public Meetings Law; and . . . that under such a transaction the private lessee operating under a lease may not be construed to be "acting on behalf of" the public lessor."[8] As previously noted, the Authority is the governing body of the hospital. Whether the terms of the lease alters the status of the Authority as the governing body of the hospital is a determination that the Authority must make.[9]
Question Two
Section 395.3035(4)(a), Florida Statutes, permits the governing board of a public hospital to close those portions of a board meeting at which one or more written strategic plans that are confidential pursuant to section 395.3035(2), Florida Statutes, are being considered by the board. The closed meeting is restricted to the discussion, report, modification, or approval of a written strategic plan. Section395.3035(4)(b), Florida Statutes, requires that all portions of the closed board meeting be recorded by a certified court reporter who shall record the times of commencement and termination of the meeting, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the meeting may be off the record. The court reporter's notes are required to be fully transcribed and maintained by the hospital records custodian within a reasonable time after the meeting.[10]
Section 395.3035(4), Florida Statutes, does not specify who may attend a meeting of the hospital's governing board closed pursuant to section395.3035(4)(a), Florida Statutes. In contrast, section 286.011(8), Florida Statutes, which provides an open meeting exemption for attorney-client discussions relating to pending litigation, provides that only the entity, the entity's attorney, the entity's chief administrative officer, and a court reporter may attend such a closed meeting.
Absent similar direction from the Legislature with regard to meetings closed pursuant to section 395.3035(4), Florida Statutes, I cannot say who, other than a court reporter, is permitted to attend such a meeting. I would advise, however, that the Authority strictly limit attendance to only those individuals who are essential to the purpose of the meeting,i.e., to discuss, receive a report on, modify, or approve a strategic plan, in order to avoid what the courts might consider to be a disclosure to the public. It should be noted, however, that two separate public entities may not conduct such a closed meeting if the strategic plan affects both public entities.[11] Further, while the transcript of the closed meeting generally does not become public until three years after the date of the meeting, if any part of the strategic plan is publicly disclosed, the relevant portion of the meeting transcript immediately becomes public and is subject to release, unless disclosure would divulge any part of the strategic plan that remains confidential.[12]
Question Three
Section 395.3035(4)(a), Florida Statutes, provides that those portions of a board meeting at which one or more written strategic plans that are confidential pursuant to subsection (2) are discussed, reported on, modified, or approved by the governing board "are exempt from s. 286.011
and s. 24(b), Art. I of the State Constitution." In providing the exemption from section 286.011, Florida Statutes, the statute does not limit the exemption to certain requirements of the Sunshine Law; rather, it provides an exemption from the entire statute and constitutional provision.
Thus, the provisions of section 395.3035(4), Florida Statutes, would appear to remove such meetings from the notice requirements of section286.011, Florida Statutes, and Article I, section 24(b), Florida Constitution.[13] As noted supra, however, such meetings must be recorded by a certified court reporter who shall record the times of commencement and termination of the meeting, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. Pursuant to section 395.3035(9)(b), Florida Statutes, the governing board of the hospital is required to maintain a written list of the meetings or portions of meetings that were closed under the provisions of section 395.3035, Florida Statutes, including the date on which the meeting was closed, the approximate length of time the meeting was closed, a general description of the subject of the meeting, the titles of the meeting participants, and a description of the format of the meeting. Information about a meeting may be purged from this list 5 years after the date on which the meeting was closed.[14]
Moreover, sections 395.3035(7) and (8), Florida Statutes, provide:
 "(7) If the governing board of the hospital closes a portion of any board meeting pursuant to subsection (4) before placing the strategic plan or any separate component of the strategic plan into operation, the governing board must give notice of an open meeting in accordance with s. 286.011, and conduct the meeting to inform the public, in general terms, of the business activity that is to be implemented. If a strategic plan involves a substantial reduction in the level of medical services provided to the public, the meeting notice must be given at least 30 days prior to the meeting at which the governing board considers the decision to implement the strategic plan.
(8) A hospital may not approve a binding agreement to implement a strategic plan at any closed meeting of the board. Any such approval must be made at a meeting open to the public and noticed in accordance with s. 286.011."
Thus, while it appears that the governing body of a hospital subject to section 286.011, Florida Statutes, is not required to give notice under that statute of the meeting closed pursuant to section395.3035(4), Florida Statutes, to discuss the hospital's strategic plan, before such a plan may be implemented it must be discussed at a public meeting noticed in accordance with section 286.011. If the strategic plan involves a substantial reduction in the level of medical services provided to the public, the meeting notice must be given at least 30 days prior to the meeting at which the governing board considers the decision to implement the strategic plan.
The exemption afforded by section 395.3035(4), Florida Statutes, is only from section 286.011, Florida Statutes, and Article I, section24(b) of the Florida Constitution. Thus, if any other provision of law imposes notice requirements on the governing body of the hospital, such provisions would still be applicable.
Accordingly, while the governing body of a hospital subject to section286.011, Florida Statutes, is not required to give notice under that statute of the meeting closed
pursuant to section 395.3035(4), Florida Statutes, to discuss the hospital's strategic plan, before such a plan may be implemented it must be discussed at a public meeting noticed in accordance with sections395.3035(7) and (8). Moreover, as the exemption afforded by section395.3035(4), Florida Statutes, is only from section 286.011, Florida Statutes, and Article I, section 24(b) of the Florida Constitution, any other provision of law imposing notice requirements on the governing body of the hospital, if any, would appear to still be applicable.
Sincerely,
Bill McCollum
Attorney General
BM/tjw
[1] See s. 395.002(13), Fla. Stat., defining "Hospital" as any establishment that:
 "(a) Offers services more intensive than those required for room, board, personal services, and general nursing care, and offers facilities and beds for use beyond 24 hours by individuals requiring diagnosis, treatment, or care for illness, injury, deformity, infirmity, abnormality, disease, or pregnancy; and
 (b) Regularly makes available at least clinical laboratory services, diagnostic X-ray services, and treatment facilities for surgery or obstetrical care, or other definitive medical treatment of similar extent, except that a critical access hospital, as defined in s. 408.07, shall not be required to make available treatment facilities for surgery, obstetrical care, or similar services as long as it maintains its critical access hospital designation and shall be required to make such facilities available only if it ceases to be designated as a critical access hospital."
However, the provisions of this chapter do not apply to any institution conducted by or for the adherents of any well-recognized church or religious denomination that depends exclusively upon prayer or spiritual means to heal, care for, or treat any person. For purposes of local zoning matters, the term "hospital" includes a medical office building located on the same premises as a hospital facility, provided the land on which the medical office building is constructed is zoned for use as a hospital; provided the premises were zoned for hospital purposes on January 1, 1992.
[2] See s. 286.011, Fla. Stat., the Government in the Sunshine Law establishing a statutory right of access to government meetings; Ch.119, Fla. Stat, the Public Records Law establishing a statutory right of access to government records; and Art. I, ss. 24 (b) and (c), Fla. Const., establishing a constitutional right of access to public records and meetings.
[3] The use of the phrase "any hospital that is subject to chapter 119 and s. 24(a), Art. I of the State Constitution" would include privately operated hospitals that are subject to the Public Records Law and the Government in the Sunshine Law.
[4] Section 395.3035(6), Fla. Stat.
[5] See s. 7 of the Authority's charter, as provided in Ch. 05-315, Laws of Fla.
[6] Section 395.3035(8), Fla. Stat., requires that any such approval must be made at a meeting open to the public and noticed in accordance with section 286.011, Florida Statutes.
[7] Section 6, Ch. 99-356, Laws of Florida.
[8] See House of Representatives, as revised by the Committee on Health Care Services, Final Analysis on HB 2231, dated July 21, 1999, p. 13. And see s. 395.3036, Fla. Stat., which makes the records of a private corporation leasing a public hospital or other public health care facility confidential and exempt and the meetings of the governing board of a private corporation exempt when the public lessor complies with the public finance accountability provisions of s. 155.40(5), Fla. Stat., with respect to the transfer of any public funds to the private lessee and when the private lessee meets at least three of the five criteria set forth in the statute.
[9] See this office's Statement on Attorney General Opinions, available at: www.myfloridalegal.com/, stating that Attorney General Opinions are intended to address only questions of law, not questions of fact, mixed questions of fact, and law.
[10] Pursuant to s. 395.3035(4)(b), Fla. Stat., the transcript shall become public 3 years after the date of the board meeting or at an earlier date if the strategic plan discussed, reported on, modified, or approved at the meeting has been publicly disclosed by the hospital or implemented to the extent that confidentiality of the strategic plan is no longer necessary.
[11] Section 395.3035(4)(c), Fla. Stat.
[12] Id.
[13] Section 286.011, Fla. Stat., provides that a board or commission "must provide reasonable notice of all such meetings" while Art. I, s.24(b), Fla. Const., states that meetings of collegial public bodies shall be "noticed to the public[.]"
[14] Section 395.3035(9)(b), Fla. Stat., further provides that if the governing board of a public hospital is comprised of members who are appointed, the board shall transmit the list required by this paragraph to the official or authority that appoints the members to the governing board no less than once every 3 months.